IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANN M. HOPPA,

                                                                     OPINION AND ORDER

                    Plaintiff,

                                                                        12-cv-847-bbc

     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). The administrative law judge concluded that plaintiff Ann M. Hoppa suffered from severe impairments in the form of a back impairment and abdominal adhesions, but that she was not disabled because she could perform a range of sedentary work. Plaintiff argues that the administrative law judge erred by failing to consider whether her many medical appointments render her unable to maintain a full time job, but I am affirming the decision because plaintiff has failed to cite any evidence in support of a view that the appointments are needed to treat her impairments or that, if they are, they prevent her from working.

      The following facts are drawn from the administrative record (AR):

1

FACTS

A. Background

Plaintiff was born on March 5, 1971 and has a technical degree in medical transcription. AR 30. She worked as a medical transcriptionist until early 2009. AR 31.

On November 13, 2009 plaintiff filed an application for disability insurance benefits and for supplemental security income. AR 10. In both applications, plaintiff alleged that she had been disabled since June 20, 2009. Id.

After plaintiff's claims were denied initially and upon reconsideration, she requested a hearing, which was held on July 6, 2011 before administrative law judge John H. Pleuss. AR 10, 20. The administrative law judge heard testimony from plaintiff, AR 30-42, and a neutral vocational expert, AR 42-52. On September 23, 2011, the administrative law judge issued his decision, finding plaintiff not disabled. AR 20. This decision became the final decision of the commissioner on September 25, 2012 when the Appeals Council denied plaintiff's request for review. AR 1-5.

B. Medical Evidence

In 2007 plaintiff was involved in a car accident. As of plaintiff's onset date of June 20, 2009, she was still dealing with back problems caused by that accident. AR 367. In October 2009 Dr. Yakovlev, one of her doctors, recommended a spinal cord stimulator. AR 423.

In February and March of 2010 plaintiff was evaluated to determine whether she was

a good candidate for a spinal cord stimulator. AR 684, 688. Although the testing indicated that plaintiff was a reasonable candidate, it also showed that she had moderately high somatic preoccupation scores. AR 686, 689. These scores indicate that plaintiff is preoccupied with her health and could develop symptoms in response to stress. AR 689.

In August 2010 she had the stimulator implanted and her back pain improved almost immediately. AR 1083. In December 2010, January 2011 and May 2011, plaintiff continued to report that the stimulator was adequately covering her back pain. AR 832, 951 and 1052.

In June 2009 plaintiff went to the emergency room for abdominal pain and an ultrasound showed resolving hemorrhagic corpus luteum. AR 711-712. Plaintiff continued to go to the doctors for abdominal pain and reported severe pain, but the doctors could not find the source of her pain. In December 2009 a spigelian hernia was diagnosed and she was referred to general surgery. AR 650. After her initial surgery, her pain was reduced. However, her wound became infected, requiring hospitalization. AR 606, 923. Plaintiff continued to visit the doctor because of abdominal pain and reported that her spinal cord stimulator caused her abdominal pain. AR 844. An examination of her abdomen revealed that a hernia had developed. AR 934. She had surgery for the hernia in October 2010. AR 939. A week later she said she was doing "quite well," but the next day she reported that her pain was not well controlled and she used more narcotic pain medication than prescribed. AR 939, 842. The doctor advised her to wean herself off her pain medication and to rely on her spinal cord stimulator in conjunction with a muscle relaxant to control the

pain. AR 842.

A few weeks later plaintiff reported more pain after someone bumped her incision. AR 839-840. Two weeks later, plaintiff complained of diarrhea, nausea and constant burning in her left lower quadrant. AR 943. The doctors did a CT scan of her pelvis that revealed no new findings. AR 944-946.

A month later she complained of abdominal pain, but a week after that she denied any stomach pain and said the stimulator was relieving some of her abdominal pain. AR 837, 967. However, after a few weeks she again reported increased pain. The doctor reprogrammed the stimulator and prescribed celiac plexus blocks. AR 830. She received a celiac plexus block in April 2011 and in May 2011 her doctored referred her for an intrathecal pain pump. AR 1055, 1053-1054.

### E. Hearing Testimony

On July 6, 2011, the administrative law judge presided over a hearing in Wausau, Wisconsin. AR 28. Plaintiff testified that she last worked in early 2009 as a medical transcriptionist for St. Joseph's Hospital in Marshfield. AR 31. She testified that she missed work at least three times a month. AR 40. Previously, she worked as a central service technician, a housekeeper, a front desk clerk and blackjack dealer. AR 32-34.

Plaintiff testified that she left the transcribing job because it required her to sit for long periods of time without shifting. AR 35. She has pain stemming from her back accident and from her nine abdominal surgeries. Id. She has to get up every 10 to 15

minutes to walk around. Id. She was taking six to eight Percocets for the pain and muscle relaxers for her back spasms. AR 38.

Plaintiff testified that she experiences pain even when she does housework or tries to lift a gallon of milk. AR 36. Plaintiff has to have someone come shopping with her because she cannot carry the bags. Id.

The administrative law judge called William Dingess to testify as a neutral vocational expert and asked Dingess to give a brief assessment of plaintiff's work history. AR 43. Dingess testified that plaintiff had been a medical transcriber, which was sedentary and skilled work. AR 43. Plaintiff's work as a central service technician was medium to heavy semi-skilled work as performed. Id. Dingess classified plaintiff's work as a housekeeper as unskilled medium level work. AR 44. A gambling dealer and front desk clerk would be semi-skilled light work as performed. Id.

The administrative law judge asked Dingess whether a person who was reliable in attendance but was limited to sedentary work that precluded stooping, crouching or bending and had a sit/stand option that would allow the individual to stand for 15 minutes every 30 minutes, would be able to find work. AR 44-45. In Dingess's opinion, an individual could work as a medical transcriber with these limitations as well in a number of other jobs. AR 45. These other jobs include receptionist, order clerk, assembler, bookkeeper, and industrial inspectors. Id. Plaintiff's attorney then asked Dingess whether an individual in the same circumstances as plaintiff who would miss, on average, three days of work a month would be able to find work. AR 47. In Dingess's opinion this individual would not be able to find

work.  Id.

### F. Administrative Law Judge's Decision

In reaching his conclusion that plaintiff was not disabled, the administrative law judge performed the required five-step sequential analysis.  20 C.F.R. §§ 404.1520, 416.920.  At step one, he found that plaintiff had not engaged in substantial gainful activity since June 20, 2009.  At step two, the administrative law judge found that plaintiff's back impairment and abdominal adhesions were severe.  AR 12-13.  At step three, he found that plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1.  Specifically, he found that plaintiff's back impairment did not meet the severity requirements of any category under Listing 1.04.  AR 13.

With respect to plaintiff's residual functional capacity, the administrative law judge determined that plaintiff could perform "a range of sedentary work."  In particular, the administrative law judge found that plaintiff was precluded from climbing, crawling and kneeling and could do no more than occasional stooping, bending or crouching.  In addition, she requiresda "sit/stand option" so that she did not need to stand for more than 15 minutes at a time or sit for more than 30 minutes at a time.  She had "a limited but satisfactory ability to demonstrate reliability in time and attendance" and to complete a normal work day and work week.  AR 13.

In support of that determination, the administrative law judge considered plaintiff's

credibility, medical records and her ability to perform daily tasks. He noted that plaintiff was not consistent on how she reported her pain levels, that doctors did not always find a source for her pain and that she had been known to "display dramatization," so her complaints of completely disabling symptoms were only partially credible. AR 17-18. In addition, the administrative law judge found that the alleged severity of plaintiff's impairments was not consistent with the daily activities she performed. Id. She had no problems taking care of her personal needs, she took care of her family, making meals and doing light housework, took care of her pets, she drove, shopped and took care of financial affairs. Id. Finally, the administrative law judge noted that no treating physicians, examining physicians or consulting physicians gave "opinions . . . indicating that the claimant is disabled or even has limitations greater than those determined in this decision." AR 18.

At step four, the administrative law judge found that plaintiff was capable of performing her past relevant work as a medical transcriptionist. AR 18. At step five, he relied on the testimony of the vocational expert to find that plaintiff was capable of performing other work that exists in significant numbers in the national economy. AR 20. As a result, the administrative law judge concluded that plaintiff was not disabled. AR 20.

## OPINION

The sole argument that plaintiff raises in her appeal is that the administrative law judge erred when he failed to consider whether plaintiff's "sheer number of medical visits"

rendered her disabled because of the amount of time the appointments require her to be absent from her job. Plt.'s Br., dkt. #16, at 14.  Although the administrative law judge concluded in his residual functional capacity assessment that plaintiff had "a limited but satisfactory ability to demonstrate reliability in time and attendance," he did not discuss plaintiff's medical appointments in particular.

To support her argument in favor of reversal, plaintiff relies on the general proposition that an administrative law judge must consider all of a claimant's limitations that are supported by the medical evidence. Young v. Barnhart, 365 F.3d 995, 100 (7th Cir. 2004).  In addition, she relies on the opinion of the vocational expert and several district court opinions for the proposition that a person who misses more than three days a month or would be off task more than 15% of the work day would not be able to find full time employment. Misener v. Astrue, 926 F.Supp.2d 1016 (N.D. Ind. 2013); Huffman v. Astrue, 2010 WL 685897 *14 (C.D. Ill. Feb. 19, 2010); Johnson v Astrue, 2008 WL 2115616 *2 (E.D. Tenn. May 19, 2008); Bennett v. Barnhart, 288 F. Supp. 2d 1246, 1255 (N.D. Ala. 2003); Hancock v. Barnhart, 206 F. Supp. 2d 757, 762 (W.D. Va. 2002); Cripe v. Apfel, 21 F. Supp. 2d 944, 947 (N.D. Iowa 1998).

A threshold question is whether medical appointments can qualify as a "physical [or] mental limitatio[n]" for the purpose of determining whether a claimant is disabled under the Social Security Act.  20 C.F.R. § 404.1545 ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite

your limitations."). Plaintiff cites cases in which courts have reversed an administrative law judge's decision for failing to consider the claimant's absenteeism, but in at least two of those three cases it was the plaintiff's symptoms that caused her to miss work, not simply a medical appointment. Marshal v. Astrue, 2008 WL 5396295 (D.N.H. 2008) (treating physician gave opinion that plaintiff's mental health symptoms would require her to be absent from work four days each month); Johnson, 2008 WL 2115616 at *4 (claimant had missed work as result of pain from kidney stones). In the third case, Romero v. Astrue, EDCV 10-01913-MAN, 2011 WL 1344538, *3 n.3 (C.D. Cal. Apr. 8, 2011), the court simply stated that a medical provider had given an opinion that the claimant would be absent from work more than three times a month "due to his impairments or treatment" without explaining further.

Even if I assume that medical appointments could qualify as a limitation in some cases, this is not one of them. Plaintiff has not made any showing that the medical evidence supports a finding that any of her impairments (severe or nonsevere) required so many medical appointments that she would be unable to obtain a full time job. To support her argument, plaintiff lists what she says are all of her "medical contacts" from 2004 (well before her onset date) through June 2011 and makes a conclusory statement that it is "significant" that the administrative law judge "failed to account" for these contacts. Plt.'s Br., dkt. #16, at 35. However, unlike the claimants in the cases she cites, plaintiff does not identify any opinion by any medical provider that her symptoms or treatment required her to be absent from work for a particular amount of time. Further, none of the physicians

9

involved in plaintiff's treatment gave an opinion that she was unable to work. In fact, plaintiff cites no evidence that any particular medical "contact" was needed to treat one or more of her impairments or even that the various contacts were related to her impairments.

I agree with the commissioner that the plaintiff must have some evidence to support her position. If the "sheer number of medical visits" were sufficient on its own, claimants could manufacture their own disabilities simply by going to the doctor as often as possible for any or no reason. Particularly because the administrative law judge gave several reasons for questioning plaintiff's credibility about the extent of her impairments and plaintiff does not challenge those reasons, plaintiff's own say-so about her need for treatment cannot carry the day. Barnett v. Apfel, 231 F. 3d 687, 691 (10th Cir. 2000) (declining to reverse administrative law judge's decision not to consider plaintiff's absenteeism in part because plaintiff failed to show that time she missed was caused by her impairments); Menolascina v. Barnhart, 01 C 4935, 2002 WL 731147 (N.D. Ill. Apr. 24, 2002) (rejecting argument that administrative law judge's failure to consider plaintiff's absenteeism as possible limitation because "[t]he only evidence of possible absenteeism was from Menolascina himself").

Even if I assumed that most of plaintiff's listed medical "contacts" were necessary to treat her impairments, plaintiff provides no support for a view that these contacts would require her to miss more than three days of work a month or be off task 15 percent of each work day; she simply assumes that they would. As the commissioner points out, many of the listed "contacts" are prescription renewals or letters or phone calls that would not

10

require plaintiff to leave work. Even with respect to those entries that would require an appointment, plaintiff makes no effort to show how long those appointments lasted or even whether they occurred during hours that plaintiff would be working. Under these circumstances, I conclude that the administrative law judge did not commit a reversible error in failing to address the question whether plaintiff's absenteeism rendered her unable to work. Barnett, 231 F. 3d at 691 (declining to reverse administrative law judge's decision not to consider plaintiff's absenteeism in part because plaintiff "assume[d] she was required to miss entire days of work for each appointment").

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Ann M. Hoppa's application for disability insurance benefits and supplemental security income is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 30th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge